UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KINGLSEY ANYANWUTAKU,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE SZEGO,<br><br>    Defendant. | Civil Action No. 99-3054 (CKK/JMF) |

MEMORANDUM OPINION
(April 5, 2006)

On May 14, 2004, Magistrate Judge John M. Facciola issued his [69] Report and Recommendation, in which he recommended that the Court dismiss the instant action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Judge Facciola noted that Plaintiff had failed to appear for a status hearing on March 4, 2004, and failed to show cause within 14 days as ordered indicating why the action should not be dismissed.  *See dkt. entry* [69] at 1.  Judge Facciola also noted that Plaintiff had previously failed to appear at a status hearing on October 25, 2002, and had then failed to respond to an order requiring Plaintiff to show cause why the case should not be dismissed.  Included in Judge Facciola's Report and Recommendation was the following text: "Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  *See Thomas v. Arn*, 474 U.S. 140 (1985)."  *Id.* at 2.

On July 9, 2004, this Court issued an [70] Order that no objections had been filed to the Report and Recommendation and accordingly dismissed the instant action with prejudice.  The

Case 1:99-cv-03054-CKK   Document 74   Filed 04/05/06   Page 2 of 5

Court notes that under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.3(b), parties are entitled to file objections to a magistrate judge's order within 10 days after being served with the Report and Recommendation. The Court need not conduct a *de novo* review of those portions of the Report and Recommendation to which no objections were *timely* raised. See LCvR 72.3(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

On December 6, 2005, well over one year after both the Report and Recommendation and the Order dismissing the instant action had been issued, Plaintiff filed through counsel [71, 72] Motion to Vacate Order of Dismissal and Objection to Report and Recommendation of the Magistrate Judge. In Plaintiff's Motion, Plaintiff's counsel claims that he never received the scheduling order setting forth the date of the March 4, 2004 status hearing referenced in the Report and Recommendation, the Order to Show Cause issued by Judge Facciola on March 4, 2004, the Report and Recommendation itself, nor the Court's Order of dismissal with prejudice of this case. *Dkt. entry* [71, 72] ¶¶ 1–4. Plaintiff's counsel claims that his actions "fall within the excusable neglect class referred to in Rule 60(b)" because sometime (presumably recently) after all of the aforementioned orders were posted and the case was dismissed, he allegedly placed calls with the Clerk's office leaving messages that he never received the aforementioned orders and did not receive a return call. *Id.* ¶ 6.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

2

> judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b). Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). Since Plaintiff brings his Motion under the "excusable neglect class referred to in Rule 60(b)," and the phrase "excusable neglect" is listed in Rule 60(b)(1), the Court will analyze Plaintiff's Motion to Vacate under Rule 60(b)(1). In making a ruling under Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside would prejudice [the other party], and (3) the alleged [action] is meritorious." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted).

Under the terms of Rule 60(b), Plaintiff's Motion to Vacate was not timely filed. *See* Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). *See also U.S. ex rel. Cyr v. AWL, Inc.*, 159 F.3d 637 (Table) (D.C. Cir. 1998) ("Rule 60(b)(1) motions are timely if filed within a reasonable time not to exceed one year . . . ."); *Baltia*

*Airlines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996).  Plaintiff's Motion to Vacate, filed pursuant to Rule 60(b)(1), was filed <u>nearly 17 months</u> after the Order dismissing the instant case was issued.  On this basis alone, Plaintiff's Motion to Vacate should not be granted.

 The Court also notes that in the instant case, while the electronic receipts on the docket reflect that Plaintiff's counsel was not electronically sent a copy of the scheduling order setting forth the date of the March 4, 2004 status hearing referenced in the Report and Recommendation, Plaintiff's counsel (Emmanuel D. Akpan) <u>was</u> electronically sent a copy of the [68] Order to Show Cause issued by Judge Facciola on March 4, 2004, the [69] Report and Recommendation itself, and the Court's [70] Order of dismissal with prejudice of this case.  Furthermore, it is Plaintiff's obligation to monitor the docket.  *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.").  In addition to having retained counsel in this case, it should be noted that Plaintiff himself is a sophisticated litigant who is very familiar with the requirement under the local rules that objections to a report and recommendation must be made in a timely fashion, as multiple report and recommendations have been issued in this case and in a number of other cases brought before the instant Court by Plaintiff.

 Vacating dismissal of the case as to Defendant George Szego would certainly be highly prejudicial, considering that Plaintiff's Motion to Vacate was filed nearly 17 months after this case was dismissed.  Finally, Plaintiff makes absolutely no argument in his Motion to Vacate regarding the merits of Plaintiff's action.  *See dkt. entry* [71, 72] generally.  "[M]otions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or

defense." *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). *See also Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."). Plaintiff, the movant in this case, has not met his burden of demonstrating in his Motion to Vacate pursuant to Rule 60(b)(1) that his claims have any merit whatsoever.

For the foregoing reasons, Plaintiff's [71, 72] Motion to Vacate Order of Dismissal and Objection to Report and Recommendation of the Magistrate Judge is DENIED. An Order accompanies this Memorandum Opinion.

Date: April 5, 2006

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge