UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,

Plaintiff,

v.

GEORGE SZEGO,

Defendant.

Civil Action No. 99-3054 (CKK/JMF)

MEMORANDUM OPINION
(June 12, 2006)

On April 5, 2006, the Court issued a [73] Order and [74] Memorandum Opinion denying Plaintiff's [71, 72] Motion to Vacate Order of Dismissal and Objection to Report and Recommendation of the Magistrate Judge. On May 8, 2006, Plaintiff filed a [75] Notice of Appeal. Because Plaintiff's [75] Notice of Appeal was untimely filed, Plaintiff also filed a Motion for 3 Days Leave to File Out of Time Notice of Appeal. On May 30, 2006, the United States Court of Appeals for the District of Columbia issued an Order "that the motion for 3 days leave to file out of time notice of appeal [be] referred to the district court for resolution. See Fed. R. App. P. 4(a)(5)." As such, the issue presently before the Court is whether Plaintiff should be permitted to untimely file his [75] Notice of Appeal.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a required notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1). The timely filing of a notice of appeal is both mandatory and jurisdictional. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978). Federal Rule of Appellate Procedure 4(a)(5) governs the Court's consideration of a motions for extension of time

to file a notice of appeal, which was filed in the instant case. Pursuant to Rule 4(a)(5):

> (A) The district court may extend the time to file a notice of appeal if:
>
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). The Court notes as an initial matter that Plaintiff filed his Motion to untimely file notice of appeal within the time period prescribed by Rule 4(a)(5)(A)(i).

It is entirely within the Court's discretion to determine whether Plaintiff has shown excusable neglect or good cause sufficient to warrant allowing Plaintiff to file a notice of appeal, a simple one-page form, after the prescribed 30-day deadline has passed. *See Students Against Genocide v. Department of State*, 257 F.3d 828, 833 n.5 (D.C. Cir. 2001) ("We review [Rule 4(a)(5)] orders on an abuse of discretion standard, *see Johnson v. Lehman,* 679 F.2d 918, 919-20 (D.C. Cir 1982)."). *See also* Fed. R. App. P. 4(a)(5)(A) ("The district court *may* extend the time to file a notice of appeal . . . .") (emphasis added). In the instant case, the Court finds that Plaintiff has not demonstrated any factors constituting excusable neglect or good cause for his untimely filing. Plaintiff admits in his Motion that he received notice of the Court's decision on which his notice of appeal is based in a timely fashion from his attorney, who is not representing him on appeal. *See* Mot. at 1 ("On April 5, 2006 this Court issued an order in the above captioned case in favor of George Szego. The said order was accompanied by a letter dated April 11, 2006 from attorney Akpan's office. Plaintiff received the said order on April 14, 2006."). Plaintiff further admits in his Motion that his attorney sent him the rule indicating that an appeal must be noticed 30 days from the date of the Court's decision. It is clear that Plaintiff received

2

the Court's decision within plenty of time in order to timely file a notice of appeal.

The excuse that Plaintiff offers in his Motion, which he does not frame as "excusable neglect" or "good cause," is that "[a]mong other things Plaintiff was diagnosed with cancer and this has emotionally disorganized plaintiff and frequent doctor and hospital visits worsened the matter as far as plaintiff's organization and schedule of events were concerned." *See* Mot. at 1. The Court notes as an initial matter that the medical form attached to Plaintiff's Motion diagnoses Plaintiff with lower back pain, gait dysfunction, and knee joint disease such that this is the extent of the record before the Court.

Regardless, Plaintiff has not demonstrated how this diagnosis and "emotional disorganization" have prevented him from filing a one-page form with the Court within the ample allotted time frame. The Advisory Committee's Note to the 2002 Amendments to Rule 4(a)(5)(A)(ii) differentiate between "excusable neglect" and "good cause" as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's notes to 2002 Amendments. In the instant case, Plaintiff's admission that he received notice of the Court's decision but has been "emotionally disorganized" indicates that his untimely filing was not beyond his control, such that he has not exhibited "good cause" for his late filing. Thus, the Court will examine his excuse under the framework of "excusable neglect."

While the instant circuit has not explicitly defined the contours of excusable neglect as

applied to Rule 4(a)(5)(A)(ii),[1] even if the instant circuit were to explicitly adopt the flexible approach to "excusable neglect" established in *Pioneer Investment Services*, Plaintiff has not demonstrated any reason to warrant granting his Motion. In *Pioneer Investment Services*, the Supreme Court adopted a four-factored analysis in making a determination of "excusable neglect," albeit in the context of a bankruptcy rule. The four factors a court should consider in determining whether a party has demonstrated "excusable neglect" include (1) the danger of prejudice to the other party; (2) the length of the delay and potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Serv. Inc. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). It has previously been determined in this district that the first two *Pioneer Investment Services* factors are of minimal relevance when applied to Rule 4(a)(5)(A)(ii) considering that a related motion can only be considered when it is brought within 30 days after the Rule 4(a)(1) filing deadline. *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003). It is clear to the Court that considering Plaintiff's timely receipt of notice of the Court's decision, the reason for the delay was within the reasonable control of Plaintiff, who does not claim to have been physically incapacitated or hospitalized during the 30-day window in which he could have timely filed a notice of appeal. Plaintiff's "emotional disorganization" does not give any indication that the timeliness of Plaintiff's filing of a one-page notice of appeal was beyond his control. Furthermore, the Court cannot help but question whether Plaintiff's delay was in good faith, considering Plaintiff's nearly unfailing pattern of

---

[1] *See Thomas v. United States*, 1996 WL 103750 (D.C. Cir.) (examining whether counsel demonstrated excusable neglect under various standards, including that established in *Pioneer Investment Serv. Inc. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

untimely filing of documents over the course of his litigious history with this Court.[2] In fact, in this very case, the Order and Opinion which Plaintiff seeks leave to appeal reflects Plaintiff's history of tardy filings, including failing to timely object to a report and recommendation. It is clear to the Court that Plaintiff places little stock in Court-mandated or rule-based deadlines, just as it is clear that he has not shown excusable neglect in his untimely filing of his Motion to extend the time in which to file a notice of appeal in the instant case.

For the aforementioned reasons, the Court shall DENY Plaintiff's Motion for 3 Days Leave to File out of Time Notice of Appeal with respect to Plaintiff's [75] Notice of Appeal. An Order accompanies this Memorandum Opinion.

Date:   June 12, 2006

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] According to the electronic docket, Mr. Anyanwutaku is listed as a Plaintiff or Movant in a total of 26 actions before the United States District Court for the District of Columbia beginning in 1993.