UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,
Plaintiff,

v.

GEORGE SZEGO,
Defendant.

Civil Action No. 99-3054 (CKK/JMF)

**MEMORANDUM OPINION**
(August 1, 2006)

On June 21, 2006, Plaintiff Kingsley Anyanwutaku filed a [79] Motion for Reconsideration of this Court's Oder [sic] Denying Plaintiff's Motion for Leave to File Out of Time Notice of Appeal, In the Instant Case. This Motion for Reconsideration was not filed under any legal basis and is a request for the Court to reconsider its [76] Order of June 12, 2006, which denied Plaintiff's Motion for 3 Days Leave to File out of Time Notice of Appeal with respect to Plaintiff's [75] Notice of Appeal. No Opposition or Reply have been filed with respect to the instant [79] Motion for Reconsideration.

As Plaintiff's Motion for Reconsideration was filed within 10 days of the Court's [76] Order, the Court will review Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). The general rule is that a motion for reconsideration is treated as a "[Fed. R. Civ. P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (quoting *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)); *see also Derrington-Bey v. Dist. of Columbia Dep't of Corrections*, 39 F.3d 1224, 1225-27 (D.C. Cir. 1994) (same).

"The district court has considerable discretion in ruling on a Rule 59(e) motion." *Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002). Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

"Rule 59(e) motions 'need not be granted unless the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.""" *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal citation omitted)). Rule 59(e) motions are not granted if the court suspects the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment. *Taylor v. Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) (citations omitted)). Indeed, the law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

2

It is well-established that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

While Plaintiff attaches a number of medical documents to his Motion to Reconsider, none of these documents nor Plaintiff's statements related to such documents indicate anything to the contrary of the Court's finding that "the reason for the delay was within the reasonable control of Plaintiff," and are simply repetitive of information provided in his earlier Motion. [76] Mem. Op. at 4. Plaintiff, at best, raises one "new" argument in his [79] Motion for Reconsideration–that "the order that he is appealing was sent to his ineffective counsel that represented him in this case before he realized his ineffectiveness and started filing his pleadings pro se. The said order was then rerouted to plaintiff at his mailing address which cut down the 30 days that is given to every plaintiff/appellant in this Court to file a notice of appeal." Mot. Reconsider ¶¶ 1, 2. The Court notes both that this argument could have been made when Plaintiff filed his "Motion for 3 Days Leave to File Out of Time Notice of Appeal," and that regardless it has no impact on the Court's decision to deny Plaintiff's request, as Plaintiff admits that he received a copy of the Court's decision from his attorney within 9 days of its issuance. *See* [77] Mem. Op. at 2.

Plaintiff further states in his Motion to Reconsider that "[t]he Court erred in stating that Plaintiff admitted to his attorney sending him the rule indicating that an appeal must be noticed 30 days from the Court's decision . . . ." Mot. Reconsider ¶ 6. While the Court construed a grammatically flawed statement in "Plaintiff's Motion for 3 Days Leave to File Out of Time

Notice of Appeal" to so suggest ("Though 30 days have not elapsed from the date that Plaintiff received the order from attorney Akpan's office court rule requires that appeal be noticed 30 days from the date of the order"), the Court's holding nonetheless rested not on Plaintiff's receipt of the rule from his attorney but on Plaintiff's timely receipt of notice of the Court's Order from his attorney. *See* [77] Mem. Op. at 2–3 ("It is clear that Plaintiff received the Court's decision within plenty of time in order to timely file a notice of appeal."). The Court also notes that there was sufficient time for Plaintiff to file a *timely* motion for extension of time to appeal the case.

Plaintiff clearly has not demonstrated "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation marks and citations omitted). The meager information presented by Plaintiff in his Motion to Reconsider was available when Plaintiff filed his motion attached to his Notice of Appeal, and either had been presented therein or is inconsequential to the Court's decision with respect to the Court's underlying decision to deny Plaintiff's [71, 72] Motion to Vacate Order of Dismissal and Objection to Report and Recommendation of the Magistrate Judge. As such, the Court adopts in full the reasoning set forth in its [77] Memorandum Opinion supporting its [76] Order, the former of which the Court will attach to the instant Opinion.

For the aforementioned reasons, Plaintiff's [79] Motion for Reconsideration of this Court's Oder [sic] Denying Plaintiff's Motion for Leave to File Out of Time Notice of Appeal, In the Instant Case shall be DENIED. An Order accompanies this Memorandum Opinion.

Date: August 1, 2006

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,

Plaintiff,

v.

GEORGE SZEGO,

Defendant.

Civil Action No. 99-3054 (CKK/JMF)

MEMORANDUM OPINION
(June 12, 2006)

On April 5, 2006, the Court issued a [73] Order and [74] Memorandum Opinion denying Plaintiff's [71, 72] Motion to Vacate Order of Dismissal and Objection to Report and Recommendation of the Magistrate Judge. On May 8, 2006, Plaintiff filed a [75] Notice of Appeal. Because Plaintiff's [75] Notice of Appeal was untimely filed, Plaintiff also filed a Motion for 3 Days Leave to File Out of Time Notice of Appeal. On May 30, 2006, the United States Court of Appeals for the District of Columbia issued an Order "that the motion for 3 days leave to file out of time notice of appeal [be] referred to the district court for resolution. See Fed. R. App. P. 4(a)(5)." As such, the issue presently before the Court is whether Plaintiff should be permitted to untimely file his [75] Notice of Appeal.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a required notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1). The timely filing of a notice of appeal is both mandatory and jurisdictional. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978). Federal Rule of Appellate Procedure 4(a)(5) governs the Court's consideration of a motions for extension of time

to file a notice of appeal, which was filed in the instant case. Pursuant to Rule 4(a)(5):

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). The Court notes as an initial matter that Plaintiff filed his Motion to untimely file notice of appeal within the time period prescribed by Rule 4(a)(5)(A)(i).

It is entirely within the Court's discretion to determine whether Plaintiff has shown excusable neglect or good cause sufficient to warrant allowing Plaintiff to file a notice of appeal, a simple one-page form, after the prescribed 30-day deadline has passed. *See Students Against Genocide v. Department of State*, 257 F.3d 828, 833 n.5 (D.C. Cir. 2001) ("We review [Rule 4(a)(5)] orders on an abuse of discretion standard, *see Johnson v. Lehman*, 679 F.2d 918, 919-20 (D.C. Cir 1982)."). *See also* Fed. R. App. P. 4(a)(5)(A) ("The district court *may* extend the time to file a notice of appeal . . . .") (emphasis added). In the instant case, the Court finds that Plaintiff has not demonstrated any factors constituting excusable neglect or good cause for his untimely filing. Plaintiff admits in his Motion that he received notice of the Court's decision on which his notice of appeal is based in a timely fashion from his attorney, who is not representing him on appeal. *See* Mot. at 1 ("On April 5, 2006 this Court issued an order in the above captioned case in favor of George Szego. The said order was accompanied by a letter dated April 11, 2006 from attorney Akpan's office. Plaintiff received the said order on April 14, 2006."). Plaintiff further admits in his Motion that his attorney sent him the rule indicating that an appeal must be noticed 30 days from the date of the Court's decision. It is clear that Plaintiff received

2

the Court's decision within plenty of time in order to timely file a notice of appeal.

The excuse that Plaintiff offers in his Motion, which he does not frame as "excusable neglect" or "good cause," is that "[a]mong other things Plaintiff was diagnosed with cancer and this has emotionally disorganized plaintiff and frequent doctor and hospital visits worsened the matter as far as plaintiff's organization and schedule of events were concerned." *See* Mot. at 1. The Court notes as an initial matter that the medical form attached to Plaintiff's Motion diagnoses Plaintiff with lower back pain, gait dysfunction, and knee joint disease such that this is the extent of the record before the Court.

Regardless, Plaintiff has not demonstrated how this diagnosis and "emotional disorganization" have prevented him from filing a one-page form with the Court within the ample allotted time frame. The Advisory Committee's Note to the 2002 Amendments to Rule 4(a)(5)(A)(ii) differentiate between "excusable neglect" and "good cause" as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's notes to 2002 Amendments. In the instant case, Plaintiff's admission that he received notice of the Court's decision but has been "emotionally disorganized" indicates that his untimely filing was not beyond his control, such that he has not exhibited "good cause" for his late filing. Thus, the Court will examine his excuse under the framework of "excusable neglect."

While the instant circuit has not explicitly defined the contours of excusable neglect as

3

applied to Rule 4(a)(5)(A)(ii),[1] even if the instant circuit were to explicitly adopt the flexible approach to "excusable neglect" established in *Pioneer Investment Services*, Plaintiff has not demonstrated any reason to warrant granting his Motion. In *Pioneer Investment Services*, the Supreme Court adopted a four-factored analysis in making a determination of "excusable neglect," albeit in the context of a bankruptcy rule. The four factors a court should consider in determining whether a party has demonstrated "excusable neglect" include (1) the danger of prejudice to the other party; (2) the length of the delay and potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Serv. Inc. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). It has previously been determined in this district that the first two *Pioneer Investment Services* factors are of minimal relevance when applied to Rule 4(a)(5)(A)(ii) considering that a related motion can only be considered when it is brought within 30 days after the Rule 4(a)(1) filing deadline. *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003). It is clear to the Court that considering Plaintiff's timely receipt of notice of the Court's decision, the reason for the delay was within the reasonable control of Plaintiff, who does not claim to have been physically incapacitated or hospitalized during the 30-day window in which he could have timely filed a notice of appeal. Plaintiff's "emotional disorganization" does not give any indication that the timeliness of Plaintiff's filing of a one-page notice of appeal was beyond his control. Furthermore, the Court cannot help but question whether Plaintiff's delay was in good faith, considering Plaintiff's nearly unfailing pattern of

---

[1] *See Thomas v. United States*, 1996 WL 103750 (D.C. Cir.) (examining whether counsel demonstrated excusable neglect under various standards, including that established in *Pioneer Investment Serv. Inc. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

4

untimely filing of documents over the course of his litigious history with this Court.[2] In fact, in this very case, the Order and Opinion which Plaintiff seeks leave to appeal reflects Plaintiff's history of tardy filings, including failing to timely object to a report and recommendation. It is clear to the Court that Plaintiff places little stock in Court-mandated or rule-based deadlines, just as it is clear that he has not shown excusable neglect in his untimely filing of his Motion to extend the time in which to file a notice of appeal in the instant case.

For the aforementioned reasons, the Court shall DENY Plaintiff's Motion for 3 Days Leave to File out of Time Notice of Appeal with respect to Plaintiff's [75] Notice of Appeal. An Order accompanies this Memorandum Opinion.

Date:   June 12, 2006

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2] According to the electronic docket, Mr. Anyanwutaku is listed as a Plaintiff or Movant in a total of 26 actions before the United States District Court for the District of Columbia beginning in 1993.

5